IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re | ) ) ) | Case No. 19-13253 |
| Offshore Marine Contractors, Inc., | ) ) | Chapter 11 |
| Debtor. | ) ) ) ) | Section B |
|  | ) | Related Pleading Dkt.-23 |

**INTERIM ORDER AUTHORIZING AND
APPROVING POST-PETITION SECURED INITIAL FINANCING
AND AUTHORITY TO USE CASH COLLATERAL**

**THIS MATTER** came before the Court on December 9, 2019 (the "Initial Financing Hearing") upon the motion (the "DIP and Cash Collateral Motion") of the debtor and debtor in possession (the "Debtor") in the above-captioned Chapter 11 case (the "Case") pursuant to sections 101, 105, 361, 363, 364, 365, and 507 of title 11 of the United States Code, Rules 2002, 4001, 6003 and 9014 and Rule IX of the *General Order Regarding Procedures for Complex Chapter 11 Cases* for the for use in the Bankruptcy Court in the Eastern District of Louisiana (the "Court")seeking entry of an interim order (this "Interim Order"), *inter alia*: (i) authorizing the Debtor to maintain and service on a post-petition basis, existing secured term loans from Mississippi River Bank (the "DIP Lender") through the existing term loan agreements (collectively, the "MRB Term Loan Agreements") attached to the DIP and Cash Collateral Motion; (ii) authorizing the Debtor to maintain and service on a post-petition basis, the existing revolving loan from the DIP Lender through the existing revolving loan agreement (the "MRB Revolving Loan Agreement") attached to the DIP and Cash Collateral Motion; (iii) authorizing the Debtor to perform under that letter agreement dated December 4, 2019 ("MRB Letter Agreement"), attached to the DIP and Cash Collateral Motion modifying the MRB Term Loan Agreements and MRB Revolving Loan Agreement in connection with the Debtor's bankruptcy, and providing for a

secured credit facility (the MRB Term Loan Agreements, the MRB Revolving Loan Agreement, and the MRB Letter Agreement are collectively referred to herein as the "DIP Facility") (iv) confirming and authorizing a pre and post-petition lien on the Debtor's accounts in order to secure amounts due under the DIP Facility; (v) authorizing the use of the DIP Facility and cash collateral by the Debtor pursuant to 11 U.S.C. §363(c) in accordance with the thirteen (13) week cash flow budget (the "Financing Budget") attached hereto as **Exhibit A** (vi) modifying the automatic stay to the extent necessary to allow the Debtor and its lender to implement the provisions of any order authorizing financing, and finally; (vii) fixing a final hearing on this Motion (the "Final Hearing"). Present in open court were (i) Paul Douglas Stewart, Jr., William S. Robbins, Garrett A. Anderson and Martin S. Bohman for the Debtor, (ii) Phillip K. Jones, counsel to Bluehenge Capital Secured Debtor SBIC, L.P., (iii) Richard A. Aguilar, counsel to Wells Fargo Equipment Finance, Inc., (iv) Jan Marie Hayden and Christopher M. Hannan, counsel to Caterpillar Financial Services Corporation, (v) Robert J. Burvant and John A. Cangelosi, counsel to Avis Bourg, Jr., and (vi) Amanda B. George, counsel for the Office of the United States Trustee. A limited oral objection was raised on behalf of Wells Fargo Equipment Finance, Inc. and a formal limited objection was filed on behalf of Caterpillar Financial Services Corporation, both of which are resolved in this Interim Order.

The Court having considered the DIP and Cash Collateral Motion, the exhibits attached thereto, and the evidence submitted or adduced and the arguments of counsel made at the interim hearing; and notice of the Initial Financing Hearing having been given in accordance with Bankruptcy Rules 2002, 4001(b), (c), and (d), and 9014; and it appearing to the Court that granting the interim relief requested is necessary to avoid immediate and irreparable harm to the Debtor and its estate pending the Final Hearing, and is otherwise fair and reasonable and in the best interests of the Debtor, its estate, and its creditors and equity holders, and is essential for the

continued operation of the Debtor's business; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that:

1. Pending the Final Hearing, and on an interim basis, the DIP Facility, including the terms and conditions thereof which are incorporated herein, is approved and the Debtor is authorized to enter into and use the DIP Facility with the DIP Lender, providing for loans of up to $2,000,000.00 in accordance with MRB's current lending parameters of between 50-80% of eligible accounts receivable (as such term is used within the MRB Revolving Loan Agreements) upon entry of this Interim Order (the "DIP Facility Commitment"), to finance working capital, professional fees and for other corporate purposes of the Debtor.

2. Pending the Final Hearing, and subject to the terms and conditions set forth in the DIP Facility and this Interim Order and in order to prevent immediate and irreparable harm to the Debtor's estate, the Debtor is authorized to request extensions of credit of up to the amount of the DIP Facility Commitment at any one time outstanding under the DIP Facility.

3. Debtor is authorized to use the proceeds of the DIP Facility up to the DIP Facility Commitment in accordance with the Financing Budget, as such Financing Budget may be revised or amended as approved by the Court.

4. Debtor is authorized to use cash collateral in accordance with this Interim Order and the Financing Budget.

5. Debtor is authorized to service the MRB Term Loan Agreements as agreed in the MRB Letter Agreement and provided for in the Financing Budget.

6. The Financing Budget shall be deemed enlarged by any adequate protection or other payment approved by the Court, either by motion or stipulation.

7. Notwithstanding the Writ of Attachment entered in *Caterpillar Financial Services Corporation v. Offshore Marine Contractors, Inc.*, civil action number 19-3750, in the United States District Court for the Southern District of Texas, Arena Offshore, LP is authorized to pay any and all amounts owed the Debtor to the Debtor and the parties are authorized to dismiss that proceeding.

8. The DIP Lender is hereby granted a replacement lien, to the same priority and extent as existed pre-petition, in post-petition generated cash and receivables, up to the amount of diminution caused by the use of cash collateral.

9. Bluehenge Capital Secured Debt SBIC, L.P. is hereby granted a replacement lien in and to the Debtor's post-petition accounts, in the same priority and extent as such liens existed in its favor pre-petition, up to the amount of diminution caused by the use of cash collateral.

10. The occurrence of an "Event of Default" under the DIP Facility, as set forth therein, shall constitute an event of default under this Interim Order, unless waived in writing by the DIP Lender (the "Event of Default").

11. The DIP Facility and Financing Budget may from time to time be amended, modified, or supplemented by the parties thereto without notice or a hearing if: (a) the amendment, modification, or supplement is (i) in accordance with the DIP Facility; (ii) beneficial to the Debtors; and (iii) not prejudicial in any material respect to the rights of third parties; (b) a copy of the amendment, modification or supplement is provided to counsel for any statutory committee and the U.S. Trustee; and (c) the amendment, modification or supplement is filed with the Court; provided, however, that consent of any statutory committee or of the U.S. Trustee, and approval of the Court are not necessary to effectuate any such amendment, modification or supplement. Except as otherwise provided in this paragraph, no waiver, modification, supplement or

amendment of any of the provisions of any DIP Facility shall be effective unless signed by both the Debtor and DIP Lender and approved by the Court on notice.

12. Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

13. Immediately upon entry by this Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Interim Order shall become valid and binding upon and inure to the benefit of the Debtor, the DIP Lender, all other creditors of the Debtors, any Statutory Committee or any other court appointed committee appointed in the Case, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the Case, any Successor Case, or upon dismissal of the Case or any Successor Case.

14. The automatic stay imposed under section 362 is modified to the extent necessary to permit the Debtors and the DIP Lender to implement the terms of the DIP Facility and this Interim Order, but not to enforce any remedies following a declaration of default by the DIP Lender.

15. The provisions of this Interim Order, and any and all actions taken pursuant hereto, shall survive entry of any order which may be entered in the Case or a Successor Case, or pursuant to which this Court abstains from hearing the Case or any Successor Case.

16. The Final Hearing shall be held **on January 3, 2020 at 10:00 am (Prevailing Central Time)**, or as soon thereafter as counsel may be heard, before the Honorable Jerry A. Brown, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of Louisiana, on authorizing the balance of the borrowings under the DIP Facility and authorizing the Debtor to use Cash Collateral in accordance with the Financing Budget on a final basis.

17.     Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "Final Hearing Notice"), on all parties listed on its mailing list and all parties that it noticed of the Initial Financing Hearing.

18.     The Final Hearing Notice shall state that responses or objections, if any, to the entry of the Final Order shall be filed with this Court and served, so as to be actually received no later than **December 27, 2019 at 5:00 p.m. (Prevailing Central Time)** (the "Objection Deadline") on: (i) the Debtor, c/o Stewart Robbins Brown & Altazan, LLC, 301 Main Street, Suite 1640, Baton Rouge, LA 70801 (Attn: Paul Douglas Stewart, Jr., Esq.); (ii) the DIP Lender; (iii) counsel to the Committee, if any, and (iv) the Office of the United States Trustee for the Eastern District of Louisiana, Texaco Center, Suite 2110, 400 Poydras Street, New Orleans, LA. 70130.

19.     The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

New Orleans, Louisiana, December 16, 2019.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge