IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | ) | |
|---|---|---|
| In re | ) | Case No. 19-13253 |
| | ) | |
| Offshore Marine Contractors, Inc., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Section B |
| | ) | |
| | ) | |

### *EX PARTE* APPLICATION TO EMPLOY BOHMAN MORSE, LLC AS SPECIAL MARITIME COUNSEL

Bankruptcy Code section 327(e) allows the debtor-in-possession ("DIP"), if in the best interest of the estate and with the Court's approval, to "employ, for a specified special purpose . . ., an attorney that has represented the debtor . . . if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). Offshore Marine Contractors, Inc. (the "Debtor") submits this *ex parte* application (the "Application") seeking authority to employ Martin S. Bohman and Bohman Morse, LLC ("Applicant" or "Bohman") as its special maritime counsel, effective *nunc pro tunc* to the Petition Date, to provide the Debtor with special maritime legal services to the extent necessary and as requested by the Debtor. In support of this Application, the Debtor respectfully states as follows:

1. This case was filed on December 4, 2019 (the "Petition Date") by the Debtor. The Debtor continues to operate its business and manage its property as a DIP pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been requested or appointed, and no official committee of creditors or equity interest holders has been established.

2. This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper

1

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is brought under 11 U.S.C. § 327(e), Federal Rules of Bankruptcy Procedure 2014 and 2016, Local Rule 2014-1, and this Court's General Order Regarding Procedures for Complex Chapter 11 Cases.

3. The Debtor seeks authorization to retain and employ Bohman as its counsel for specific special purposes during this case, including but not limited to issues that may arise during these chapter 11 proceedings related to compliance with the U.S. citizenship and cabotage laws principally contained in 46 United States Code Chapters 121, 505, and 551 and the rules and regulations promulgated thereunder relating to the ownership and operation of U.S.-flagged vessels in the U.S. coastwise trade, which are commonly known as the Jones Act, and other maritime law matters (collectively, the "Maritime Counsel Matters").

4. Bankruptcy Code section 327(e) allows the Debtor to continue Bohman's employment if it is in the best interest of the estate and with the Court's approval, to "employ, for a specified special purpose . . ., an attorney that has represented the debtor . . . if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). The Applicant has represented, and continues to represent, the Debtor, has institutional knowledge and expertise that are of great benefit to the Debtor, and does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter on which Applicant is to be employed.

5. Attached as **Exhibit "A"** is the Rule 2014(a) verified statement of Martin S. Bohman, partner of Bohman, setting forth Bohman's "connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Attached as **Exhibit "B"** is the Debtor's proposed order employing Bohman as its special maritime counsel.

6. Rule 2014(a) requires that this Application evidence (a) the specific facts showing the necessity for the employment, (b) the name of the person to be employed, (c) the reasons for the selection, (d) the professional services to be rendered, (e) any proposed arrangement for compensation, and, (f) to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

   a. The Debtor has numerous duties under 46 United States Code Chapters 121, 505, and 551 and the rules and regulations promulgated thereunder relating to the ownership and operation of U.S.-flagged vessels in the U.S. coastwise trade, which are commonly known as the Jones Act, and other maritime law matters that require the assistance of special maritime counsel.

   b. The Debtor seeks to employ Martin S. Bohman and the law firm of Bohman Morse, LLC.

   c. The Debtor has selected the attorneys of Bohman for several reasons, including their skill and experience in handling Maritime Counsel Matters, the work Martin S. Bohman performed for the Debtor prior to filing the case, and Bohman's invaluable knowledge about the Debtor drawn on past experiences.

   d. Bohman will handle all matters in this proceeding that should be handled by special maritime counsel for a DIP, which will generally consist of Maritime Counsel Matters as described above.

   e. Bohman will perform all necessary legal services for the Debtor at the rates for services shown below:

| Individual | Hourly Rate |
|---|---|
| Partner (10+ years) & Senior Counsel | $290.00 |
| Partner (5-10 years in practice) | $275.00 |
| Senior Associate (3-10 years in practice) | $205.00 |
| Junior Associate (0-3 years in practice) | $175.00 |
| Paralegal | $100.00 |
| Law Clerk | $75.00 |
| Administrative | No Charge |

   f. To the best of Martin S. Bohman's knowledge, Applicant has no connection with the Debtor, its creditors or any other party-in-interest, their respective

3

attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee other than:

i. Applicant currently represents the Debtor as general counsel and in matters preliminary hereto.

ii. Applicant previously represented creditor Glencor, Inc. but does not currently represent it and will not represent it in connection with this case.

7. Any fees for services and amounts for reimbursement of expenses incurred postpetition will be applied for pursuant to Section XIII of this Court's General Order 2019-4, *General Order Regarding Procedures for Complex Chapter 11 Cases*.

8. Under this Court's Local Rule 2014-1(B)(3), a request for interim employment may be filed *ex parte* on seven (7) days' notice to the United States Trustee, all known secured and priority claimants, and the twenty (20) largest unsecured creditors. Further, Rule 2014-1(B)(3) provides that an application for final approval of employment requires twenty-one (21) days' notice to all persons on the mailing list, as well as the United States Trustee.

9. The Application, the verified statement of Martin S. Bohman, and the proposed order have been served upon (a) the United States Trustee, (b) all secured creditors, (c) the twenty (20) largest unsecured creditors, (d) the United States Attorney, (e) all parties having requested notice, (f) all committees, and (g) their respective counsel.

10. Under § XIII(A) of this Court's General Order Regarding Procedures for Complex Chapter 11 Cases, this motion is filed less than thirty (30) days after the filing of the case, thereby obviating the necessity of *nunc pro tunc* relief.

11. If a party wishes to oppose the Application, the opponent must file a written objection and set the opposition for hearing on an expedited basis after contacting chambers for a hearing date pursuant to Local Rule 2014-1.

**WHEREFORE**, the Debtor and Bohman request (i) that the Debtor immediately be authorized to employ Martin S. Bohman and the firm of Bohman Morse, LLC and any of its attorneys or staff under a general retainer to represent the Debtor as special maritime counsel on an interim basis under the terms requested herein, (ii) that the Court enter a final order authorizing Martin S. Bohman and Bohman Morse, LLC's employment upon the expiration of twenty-one (21) days following the filing of this Application, and (iii) such other relief as this Court may deem appropriate.

Respectfully Submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**
301 Main Street, Suite 1640
P. O. Box 2348
Baton Rouge, LA 70821-2348
(225) 231-9998 Telephone
(225) 709-9467 Fax

By: /s/ Paul Douglas Stewart, Jr.
Paul Douglas Stewart, Jr. (La. #24661)(T.A.)
dstewart@stewartrobbins.com
Brandon A. Brown (La. #25592)
bbrown@stewartrobbins.com

*Proposed Counsel for Offshore Marine Contractors, Inc.*

# EXHIBIT A
# VERIFIED STATEMENT

**STATEMENT UNDER PENALTY OF PERJURY
OF MARTIN S. BOHMAN
PURSUANT TO BANKRUPTCY CODE §§ 327, 329, AND 504,
AND BANKRUPTCY RULES 2014(a) AND 2016(b)**

Martin S. Bohman hereby states under penalty of perjury:

1. I am a partner at Bohman Morse, LLC ("Bohman") and a duly licensed and practicing attorney in the State of Louisiana. Bohman's office is in New Orleans, Louisiana. I have been engaged in the full-time practice of law for 26 years, and am licensed to practice law in the State of Louisiana, the Supreme Court of the United States of America, the United States Court of Appeals for the Fifth Circuit, the United States District Courts for the Eastern, Middle, and Western Districts of Louisiana, and the United States District Court for the Southern District of Texas.

2. In order to determine Bohman's connections with Offshore Marine Contractors, Inc. (the "Debtor"), its creditors, parties in interest, and their respective attorneys and accountants, and those employed by the office of the United States Trustee (collectively, the "Relevant Entities"), Bohman conducted a check for conflicts of interests and determined that Bohman is free of conflicts in regard to the representation of the Debtor.

3. Following that research, I can further state that, to the best of my knowledge, including that knowledge obtained through the steps described above, Applicant has no connection with the Debtor, its creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee other than:

   a. Applicant currently represents the Debtor as general counsel and in matters preliminary hereto.

   b. Applicant previously represented creditor Glencor, Inc. but does not currently represent it and will not represent it in connection with this case.

1

4. Bohman has represented the Debtor for some time as general counsel, but does not have any interest adverse to the Debtor or the Estate with respect to the matter on which the attorney is to be employed.

5. In the Application to employ Bohman, Bohman shows the hourly fees to be charged by Bohman to the Debtor for Bohman's legal services by those attorneys with the firm customarily working on maritime-related files. Other attorneys and paraprofessionals may be utilized if necessary at the customary charge that such professionals charge other clients of the firm. Additionally, the firms' rates are subject to reasonable and periodic increases from year to year. Bohman will charge to the Debtor all costs and advances, subject to the limitation of the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules and orders of this Court, and the United States Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*. The hourly rates charged by Bohman professionals differ based on, among other things, the professional's level of experience. Bohman does not charge different billing rates based on the geographic location of the bankruptcy case.

6. The Debtor has also agreed to reimburse Bohman for its actual and necessary expenses, subject to the limitation of the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules and orders of this Court, and the United States Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*. Bohman customarily is reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, temporary employment of additional staff, overtime

2

meals, Lexis and Westlaw expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred but for the representation of a particular client. Bohman will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to Bohman's other clients.

7. I have read the Application and the statements made therein are true and correct to the best of my knowledge, information and belief under penalty of perjury.

/s/ *[signature]*
Martin S. Bohman

Dated: December 19, 2019

3

# EXHIBIT B
# PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| In re | ) | Case No. 19-13253 |
|  | ) |  |
| Offshore Marine Contractors, Inc., | ) | Chapter 11 |
|  | ) |  |
| Debtor. | ) | Section B |
|  | ) |  |

**[PROPOSED] INTERIM ORDER AUTHORIZING EMPLOYMENT OF BOHMAN MORSE, LLC AS SPECIAL MARITIME COUNSEL FOR DEBTOR-IN-POSSESSION**

**CONSIDERING** the Ex Parte *Application to Employ Bohman Morse, LLC as Special Maritime Counsel* [P-___] (the "Application") filed by the Debtor and applicable law:

**IT IS ORDERED** that the debtor-in-possession is authorized pursuant to section 327(e) of the Bankruptcy Code and this Order to immediately retain Martin S. Bohman and the law firm of Bohman Morse, LLC ("Counsel") as its special maritime counsel in all matters relating to the performance of its duties under applicable maritime law on an interim basis, effective *nunc pro tunc* to the Petition Date.

**IT IS FURTHER ORDERED** that Counsel shall:

1. Provide the debtor-in-possession with legal services to the extent necessary and as requested by the debtor-in-possession, with respect to issues that may arise during these chapter 11 proceedings related to compliance with its duties and obligations imposed by the maritime law of the United States of America and other applicable maritime law matters.

2. Make reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* in connection with interim and final fee applications to be filed by Counsel in these chapter 11 proceedings.

**IT IS FURTHER ORDERED** that this Order does not approve specific hourly rates for Counsel. Counsel shall be entitled to receive reasonable compensation and reimbursement of

actual, necessary expenses only pursuant to 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, this Court's Local Rules, and Section XIII of this Court's General Order 2019-4, *General Order Regarding Procedures for Complex Chapter 11 Cases*.

**IT IS FURTHER ORDERED** that if no party timely objects to the Application, this Order shall become final for approval of employment of Counsel upon the expiration of twenty-one (21) days following service of the Application.

**IT IS FURTHER ORDERED** that Counsel shall serve this Order on the required parties who will not receive notice through the ECF system pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules and file a certificate of service to that effect within three (3) days.