IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re | ) | Case No. 19-13253 |
| | ) | |
| Offshore Marine Contractors, Inc., | ) | Chapter 11 |
| | ) | |
| *Debtor* | ) | Section B |
| | ) | |

**MOTION TO EXTEND THE DEBTOR'S EXCLUSIVE PERIOD
IN WHICH TO FILE A CHAPTER 11 PLAN AND DISCLOSURE
STATEMENT AND SOLICIT APPROVAL OF THE PLAN**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 18, 2020 AT 9:00 A.M. IN COURTROOM B-705, 500 POYDRAS ST., NEW ORLEANS, LOUISIANA 70130. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PLEADING, YOU MUST RESPOND IN WRITING. UNLESS DIRECTED OTHERWISE BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT NO LATER THAN SEVEN (7) DAYS BEFORE THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**NOW INTO COURT**, through undersigned counsel, comes Offshore Marine Contractors, Inc. (the "Debtor"), who files this motion (the "Motion") requesting the entry of an order, pursuant to 11 U.S.C. § 1121(d), which (i) extends the Debtor's exclusive period within which to file a chapter 11 plan and disclosure statement from April 2, 2020 until June 1, 2020, (ii) extends the period in which the Debtor may solicit approval of a chapter 11 plan from June 1, 2020 until July 31, 2020, and (iii) grants such other relief deemed just and equitable. In support of this Motion, the Debtor represents as follows:

1

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. The Debtor commenced this case on December 4, 2019 (the "Petition Date") by filing a voluntary petition for relief under chapter 11, Title 11 United States Code.

3. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Debtor is primarily engaged in the operation of offshore, self-propelled, self-elevating liftboats for the offshore energy and exploration industries.

4. No trustee or examiner has been requested or appointed, and no official committee of creditors or equity interest holders has been established.

**Relief Requested**

5. First, the Debtor respectfully requests an order from the Court setting a hearing on this Motion for Wednesday, March 18, 2020 at 9:00 a.m. Central Standard Time.

6. Second, the Debtor seeks an order from the Court (i) extending the period of time in which the Debtor may exclusively file a chapter 11 plan and disclosure statement pursuant to 11 U.S.C. § 1121(d)(1) (the "120-Day Period") until June 1, 2020 and (ii) extending the period of time in which the Debtor may solicit votes for acceptance of any chapter 11 plan and disclosure statement it files (the "180-Day Period") (collectively, the "Exclusivity Periods") until July 31, 2020.

**Basis for Relief Requested**

7. The Court has the authority to extend for cause, after notice and hearing, the period in which the Debtor holds the exclusive ability to file a chapter 11 plan and disclosure statement, as well as the period in which the Debtor may solicit votes for acceptance of the same. 11 U.S.C. § 1121(d).

8. Section 1121(b) provides that "only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter." 11 U.S.C. § 1121(b). Further, section 1121(c) provides that any party in interest may file a plan if, among other things, "the debtor has not filed a plan before 120 days after the date of the order for relief" or "the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan." 11 U.S.C. §§ 1121(c)(2), (c)(3).

9. Section 1121(d)(1) provides that "[s]ubject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) . . . and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period . . . ." 11 U.S.C. § 1121(d)(1); *see In re Wash.-St. Tammany Elec. Coop., Inc.*, 97 B.R. 852, 853 (E.D. La. 1989).

10. Sufficient "cause" as contemplated under 11 U.S.C. § 1121(d) exists to justify the extension of the Exclusivity Periods. While "cause" is undefined in section 1121(d), courts have examined the following factors to determine if "cause" exists:

    a. the size and complexity of the case;

    b. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    c. the existence of good faith progress toward reorganization;

    d. the fact that the debtor is paying its bills as they become due;

    e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    f. whether the debtor has made progress in negotiations with its creditors;

    g. the amount of time which has elapsed in the case;

    h. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

    i. whether an unresolved contingency exists.

*In re Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (citing *In re Grand Traverse Development Co., Ltd.*, 147 B.R. 418 (Bankr. W.D. Mich. 1992)); *see also* 7 COLLIER ON BANKRUPTCY ¶ 1121.06 (16th Ed. 2019). Each of the above-listed factors weighs in favor of finding "cause" sufficient to extend the Exclusivity Periods.

    11. **Size and Complexity of the Case.** The Debtor's case is large and complex within the meaning of section 1121. The *Express One* court noted that "[t]he traditional ground for cause is the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization." *Id.* (citing *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986)). There, the court looked to Express One, an airline with over forty aircraft, thousands of creditors, and pre-petition claims in excess of $100 million. *Id.* The court went on to note that implications of Express One's business which included FAA involvement and licensing requirements, as well as the impact of reorganization on commerce, "add[ed] to the complexity of th[e] case." *See id.*

    12. Here, the Debtor's case, while admittedly less complex than that of Express One's, is still large and complex within the meaning of section 1121. *See id.* (noting that a debtor need not be "a Texaco, Johns-Manville Forest Products, or Ames Department Stores to be considered 'large and complex' within the meaning of section 1121."). For example, the Debtor, like Express

One, must navigate the involvement of various regulatory agencies overseeing companies operating U.S.-flagged vessels. Further, the above-captioned case is indeed a "complex" chapter 11 case within the meaning of this Court's own local orders. *See* Rule I(A), General Order 2019-4, *General Order Regarding Procedures for Complex Chapter 11 Cases*; *see also* [P-16].

13. **Necessity of Time for Negotiations.** Currently, the 120-Day Period will run on Thursday, April 02, 2020. The 180-Day Period will run on Monday, June 1, 2020. However, the Debtor needs additional time to formulate a plan and disclosure statement because the Debtor is still negotiating terms of a plan with interested parties including, but not limited to, valuation of the Debtor's vessels and financing. Providing the Debtor the additional time requested herein, a sixty (60) day extension of each of the Exclusivity Periods, will permit the Debtor to provide its creditors better, more complete information in its forthcoming plan and disclosure statement.

14. **Good Faith Progress Toward Reorganization.** Working closely with its creditors, the Debtor has made good faith progress towards reorganization in this case. The Debtor is proceeding towards the submission of a plan which, if confirmed, may result in a successful reorganization of the Debtor and its emergence from chapter 11. The Debtor's efforts and progress thus far serves as additional support for extending the Exclusivity Periods.

15. **Debtor is Paying Bills as They Become Due.** The Debtor, as authorized by the Court and the Bankruptcy Code, is paying its bills as they come due. The Debtor is current on its postpetition ordinary course obligations and, further, is current on adequate protection payments authorized by this Court.

16. **Reasonable Prospects for Filing a Viable Plan.** Presently, the Debtor has traversed through multiple key aspects of what will ultimately form the Debtor's proposed chapter

11 plan. Therefore, the Debtor believes that, given an extension of the Exclusivity Periods, it has reasonable prospects for filing a viable plan.

17. **Progress in Negotiations with Creditors.** The Debtor is in continued negotiations with its largest secured creditors regarding, among other things, valuations of the Debtor's vessels and financing. Although the Debtor and said creditors have yet to finalize their negotiations, the Debtor anticipates that the resolution of the negotiations will facilitate the Debtor's ability to gain approval of its plan.

18. **Time Elapsed in the Case.** As of the filing of this Motion, only 84 days have elapsed in this case—well within both of the Exclusivity Periods. Additionally, this Motion constitutes the Debtor's first request for an extension of the Exclusivity Periods.

19. **No Pressuring of Creditors.** The Debtor is not pressuring creditors by requesting an extension of the Exclusivity Periods and has no ulterior motive in seeking an extension.

20. **Unresolved Contingencies.** Unresolved contingencies still exist in this case. For example, while the claims bar date for non-governmental entities has passed, the bar date for governmental entities has yet to pass. [P-66].

21. An analysis of the relevant factors above weigh in favor of an extension of the Exclusivity Periods and demonstrate the Debtor's intentions of putting forth a viable chapter 11 plan and disclosure statement.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) extending the 120-Day Period from April 2, 2020 until June 1, 2020, (ii) extending the 180-Day Period from June 1, 2020 until July 31, 2020, and (iii) granting such other relief deemed just and appropriate.

**Signature on Following Page**

Respectfully submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

By: /s/ Paul Douglas Stewart, Jr.
Paul Douglas Stewart, Jr. (La. #24661) TA
Brandon A. Brown (La. #25592)
Brooke W. Altazan (La. #32796)
Garrett A. Anderson (La. #38657)
301 Main Street, Suite 1640
Baton Rouge, LA 70821
Telephone: 225-231-9998
Facsimile: 225-709-9467

***Counsel for the Debtor***

**EXHIBIT A
PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re | ) | Case No. 19-13253 |
| | ) | |
| Offshore Marine Contractors, Inc., | ) | Chapter 11 |
| | ) | |
| *Debtor* | ) | Section B |
| | ) | |

### ORDER GRANTING MOTION TO EXTEND THE DEBTOR'S EXCLUSIVE PERIOD IN WHICH TO FILE A CHAPTER 11 PLAN AND DISCLOSURE STATEMENT AND SOLICIT APPROVAL OF THE PLAN

**CONSIDERING** the *Motion to Extend the Debtor's Exclusive Period in Which to File a Chapter 11 Plan and Disclosure Statement and Solicit Approval of the Plan* [P-___] (the "Motion") filed on behalf of the Debtor, the record of the case, applicable law, argument of counsel, and good cause appearing therefore:

**IT IS ORDERED** that the Motion is GRANTED;

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. §§ 1121(b) and (d)(1), the Debtor has the exclusive right to file a chapter 11 plan and disclosure statement until June 1, 2020;

**IT IS FURTHER ORDERED** that the period of time for the Debtor to obtain acceptance of its plan provided by 11 U.S.C. §§ 1121(c)(3) and (d)(2) is extended until July 31, 2020; and

**IT IS FURTHER ORDERED** that counsel for the Debtor shall serve this Order on the required parties who will not receive notice through the ECF system pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules and file a certificate of service to that effect within three (3) days.