UNITED STATES BANKRUTPCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                          CHAPTER **11**

**OFFSHORE MARINE CONTRACTORS, INC.**          SECTION "**A**"

DEBTOR                                          CASE NO. **19-13253**

### OBJECTION(S) TO CONFIRMATION OF PLAN OF REORGANIZATION

**COMES NOW** creditor, Mississippi River Bank ("MRB"), by and through its undersigned counsel, and files its objections to the confirmation of the debtor's Plan of Reorganization, and in support of its objections respectfully asserts:

On December 4, 2019, the debtor, Offshore Marine Contractors, Inc. ("OMC"), commenced its voluntary Chapter 11 bankruptcy proceeding by the filing of its voluntary petition [Doc. 1], and since that time has operated as the debtor-in-possession.

On June 17, 2020 OMC filed its Plan of Reorganization (the "Plan") [Doc. 261] and Disclosure Statement [Doc. 262].

OMC's proposed plan should not be confirmed because it does not satisfy the requirements of § 1129 of the Bankruptcy Code (the "Code"). OMC has not demonstrated the feasibility of the Plan.

Additionally, MRB objects as follows:

1. While MRB is amenable to extending the so-called "MRB Line", it is unwilling to do so on the terms proposed by the debtor.
2. The Plan fails to acknowledge that the MRB Line is currently secured not only by the debtor's accounts receivables but also by a cross-pledge of all other collateral pledged in support of the MRB Term Notes.
3. The Plan should provide that the approximately $2,550,000 generated from the sale of the L/B Lucas Bourg be escrowed and utilized only for debt service or working capital.
4. The Plan fails to acknowledge that MRB is an over-secured creditor and as such entitled to its attorney's fees, see, In re 804 Congress, LLC, 756 F.3d 368 (5th Cir. 2014).
5. The Plan fails to provide for the payment of MRB's attorney's fees as an over-secured creditor.

6.  The Plan should state that the cash surrender value of Michael Eymard's life insurance policies should be pledged to MRB to secure the MRB Line and utilized to debt service or otherwise pay interest on both the MRB Line and MRB Term Loans.

7.  MRB will continue to receive weekly reports as to the debtor's operations (as at present) through the time of the issuance of the Final Decree.

8.  The Plan should specifically provide that the debtor intends to sell the houseboat and tug which are mortgaged in favor of MRB (together or separate) at a price to be approved by MRB.

Respectfully submitted,

**/s/ Robert L. Marrero**
**ROBERT L. MARRERO, LSBA #8947**
**ROBERT L. MARRERO, LLC**
401 Whitney Avenue
Suite 126
Gretna, Louisiana 70056-2577
Telephone: (504) 366-8025
Fax: (504) 366-8026

*Attorney for Mississippi River Bank*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing *Objection(s) to Confirmation of Plan Of Reorganization* has been filed electronically with the Clerk of Court using the CM/ECF system and notice of this filing has been sent to all parties or counsel of record who have registered to receive electronic service by operation of the Court's electronic filing system.

Gretna, Louisiana this 20th day of July, 2020.

/s/ Robert L Marrero
Robert L. Marrero