IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | ) | |
| In re | ) | Case No. 19-13253 |
| | ) | |
| Offshore Marine Contractors, Inc., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Section B |
| | ) | |
| | ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
CONFIRMING DEBTOR'S PLAN OF REORGANIZATION, IMMATERIALLY MODIFIED
AS OF JULY 30, 2020

The Court held a hearing on Monday, August 3, 2020, at 10:30 a.m. Central Time (the

"Confirmation Hearing") to consider confirmation of the *Debtor's Plan of Reorganization,*

*Immaterially Modified as of July 30, 2020* (the "Plan") [P-334].[1]

Appearing at the Confirmation Hearing on behalf of certain parties in interests were

attorneys: (1) Paul Douglas Stewart, Jr. and (2) Brandon A. Brown for the Debtor, (3) Richard A.

Aguilar and (4) Rudy Cerone for Wells Fargo Equipment Finance, Inc., (5) Robert L. Marrero

for Mississippi River Bank, (6) Philip K. Jones, Jr. for Bluehenge Capital Secured Debt SBIC,

L.P., and (7) Amanda B. George for the Office of the United States Trustee.  Also present in

open court and available for cross-examination were witnesses (1) Raimy Eymard, Debtor's

President, (2) John Baumgartner, Managing Director, Disputes, Compliance, & Investigations

for Stout, Debtor's financial advisor, and (3) Kimberly A. Heard, legal assistant at Stewart

Robbins Brown & Altazan LLC, Debtor's counsel.

---

[1] The capitalized terms not otherwise defined shall have the same meaning as within the Plan.

During the Confirmation Hearing, Mr. Paul Douglas Stewart, Jr. argued on behalf of the

Debtor in support of confirmation of the Plan.   In support of confirmation of the Plan, the

Debtor offered the:

    (1) Statement Under Penalty of Perjury of John Baumgartner, Statement Under Penalty of Perjury of Raimy Eymard, President of the Debtor, and Statement Under Penalty of Perjury of Kimberly A. Heard [P-312];

    (2) Exhibits 1- 11 [P-313];

    (3) Exhibits 12 [P-314-16];

    (4) Exhibits 13-18 [P-317];

    (5) Amended Exhibits 1-3 [P-337];

    (6) Amended Exhibit 3 [P-354]; and

    (7) Amended Exhibit 4 [P-355].

(collectively, the "Confirmation Exhibits"). The Court took judicial notice, at the Debtor's

request, of the entire record of the Chapter 11 Case pursuant to FED. R. EVID. 201.

Considering the forgoing, and for reasons rendered orally at the Confirmation Hearing,

the court announced its intention to confirm the Plan. These *Findings of Fact and Conclusions

of Law* (the "Findings and Conclusions") are entered in support of the Court's *Order

Confirming Debtor's Plan of Reorganization, Immaterially Modified as of July 30, 2020* (the

"Confirmation Order").

**THE COURT MAKES THE      FOLLOWING      FINDINGS      OF      FACT      AND
CONCLUSIONS OF LAW:**

    A.      Filing Date. On December 4, 2019 (the "Petition Date"), Offshore Marine

Contractors, Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court [P-1].  The Debtor was and continues to be eligible for relief under Bankruptcy Code section 109.

B.      Jurisdiction; Venue. The court has jurisdiction over the Chapter 11 Case, the parties, and the Debtor's property pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L). Venue is proper under 28 U.S.C. §§ 1408 and 1409. This Court has authority to issue this Confirmation Order as a final order.

C.      Committee Formation.  As of entry of this Confirmation Order, no committee of unsecured creditors has been appointed in the Chapter 11 Case pursuant to Bankruptcy Code section 1102.

D.      Solicitation and Notice. The *Disclosure Statement for the Debtor's Chapter 11 Plan of Reorganization* dated June 17, 2020 [P-262] was conditionally approved by the Court on June 19, 2020 (the "Order Conditionally Approving Disclosure Statement") [P-270].  The Debtor served a copy of (1) the Order Conditionally Approving Disclosure Statement, including the exhibits thereto; (2) the *Disclosure Statement for the Debtor's Chapter 11 Plan of Reorganization* dated June 17, 2020 conformed to the Order and all exhibits thereto [P-278, 280] (the "Disclosure Statement"); (3) the *Debtor's Plan of Reorganization dated June 17, 2020* conformed to the Order and all exhibits thereto (the "Plan") [P-279]; (4) Voting Procedures; (5) Notice of Filing of Form of Ballots and Notice [P-275]; (6) Ballot Accepting or Rejecting Chapter 11 Plan of Reorganization; and (7) Notice of Impaired Non-Voting Status Rejecting the First Amended Chapter 11 Plan of Reorganization of Offshore Marine Contractors, Inc. Pursuant to Chapter 11 of the Bankruptcy Code and Release Opt Out Form, on those parties listed on the mailing matrix as of June 22, 2020, via postage-prepaid, First Class

United States Mail in accordance with the order of this Court and applicable Bankruptcy Rules. This notice was adequate under the circumstances and all parties in interest had ample opportunity to appear and object to confirmation of the Plan or the releases contained therein. No other or further notice is necessary or required.  The Disclosure Statement satisfies the requirements of 11 U.S.C. § 1125 and thus should be approved on a final basis.

E.     Modifications of the Plan. The modifications to the Plan (the "Plan Modifications") are either (a) immaterial or do not adversely affect the treatment of any Claim against, or Equity Interest in, the Debtor under the Plan or (b) the adversely affected parties have consented to the modifications of the Plan. Therefore, in accordance with Bankruptcy Code section 1127 and Bankruptcy Rule 3019, all Holders of Claims or Equity Interests who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan, as modified by the Plan Modifications. No Holder of a Claim or Equity Interest that has voted to accept the Plan shall be permitted to change its acceptance to a rejection as a consequence of the Plan Modifications.

F.     Pursuant to Bankruptcy Rule 3019, the Plan Modifications do not require additional disclosure under Bankruptcy Code section 1125 or the resolicitation of votes under Bankruptcy Code section 1126, nor do they require that the Holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  The Plan Modifications incorporated into the Plan comply with Bankruptcy Code section 1127 and Bankruptcy Rule 3019.

G.     Judicial Notice. The court takes judicial notice of the docket maintained in the Chapter 11 Case by the Clerk of Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or

4

adduced at hearings in the Chapter 11 Case.

H.      <u>Compliance with the Applicable Provisions of the Bankruptcy Code</u>.  The Debtor has met its burden of proving the elements of Bankruptcy Code section 1129 by a preponderance of the evidence, which is the applicable standard.

I.      <u>Voting</u>.   Votes on the Plan were solicited after disclosure of "adequate information" as defined in Bankruptcy Code section 1125. As evidenced by the Ballot Tabulation Report [P-311], votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Order Approving Disclosure Statement, the Bankruptcy Code, and the Bankruptcy Rules. Pursuant to Bankruptcy Code sections 1124 and 1126, each of Classes 1 (Bluehenge Secured Claims), 3 (MRB Secured Claim – Term Loan), 4 (Community Bank Secured Claim), 6 (Trade Claims), and 7 (Unsecured Claims), which are the only classes entitled to vote on the Plan, voted to accept the Plan, satisfying the standards required by Bankruptcy Code section 1126(c).

J.      <u>Bankruptcy Rule 3016</u>. The Plan is dated and identifies the entity proposing it, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement satisfies Bankruptcy Rule 3016(b).  Further, the Plan and Disclosure Statement describe in specific and conspicuous language all acts to be enjoined and identify the entities that are subject to the injunction, satisfying Bankruptcy Rule 3016(c) to the extent applicable.

K.      <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. §1129(a)(1))</u>. As further detailed below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(1).

L.      <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>. Article III of the Plan designates the following eight (8) Classes of Claims and Equity Interests: Class 1

5

(Bluehenge Secured Claims); Class 3 (MRB Secured Claim – Term Loan); Class 4 (Community Bank Secured Claim); Class 5 (Convenience Class - <$50,000.00); Class 6 (Trade Claims); Class 7 (Unsecured Claims); Class 8 (Avis Bourg Subordinated Claim); and Class 9 (Equity Interests). Each of the Claims or Equity Interests, as the case may be, in each particular Class is substantially similar to the other Claims or Equity Interests in such Class and such classifications were otherwise acceptable to each voting Class. Valid business, legal, and factual reasons exist for separately classifying the various Claims and Equity Interests pursuant to the Plan and such claims are of a different rank, status, or character, as the case may be, and the creation of such Classes does not unfairly discriminate between holders of Claims and Equity Interests. The Plan therefore satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

M.      <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).</u>  Article III of the Plan designates Classes 1, 3-4 and 6-9 as Impaired by the Plan, within the meaning of Bankruptcy Code section 1124. Articles 3.1 through 3.9 of the Plan specify the treatment of Claims and Equity Interests in such Classes. The Plan therefore satisfies Bankruptcy Code section 1123(a)(3).

N.      <u>No Discrimination (11 U.S.C. § 1123(a)(4)).</u> The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the Holder of a particular Claim or Equity Interest has agreed or agrees to a less favorable treatment on account of such Claim or Equity Interest. The Plan therefore satisfies Bankruptcy Code section 1123(a)(4).

O.      <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5)).</u> The Plan provides adequate and proper means for the implementation of the Plan in Article V as required by Bankruptcy Code section 1123(a)(5). The Plan therefore satisfies Bankruptcy Code section 1123(a)(5).

P.        Non-Voting Equity Securities/Allocation of Voting Power (11 U.S.C. 1123(a)(6)). Article 5.4 of the Plan provides that: on the Effective Date, or as soon thereafter as reasonably practicable, subject to the terms and conditions of the Restructuring Transactions, the Reorganized Debtor shall issue its New Common Equity Interests Pro Rata to those Claim Holders who have made a Secured Creditor Contribution and in proportion to the value of each Holder's Secured Creditor Contribution to the whole of the Secured Creditor Contributions made by all Holders who have made such contributions. The Plan further provides that in the period following the Effective Date and pending distribution of the New Common Equity Interests to any Holder entitled pursuant to the Plan to receive New Common Equity Interests, any such Holder will be entitled to exercise any voting rights and receive any dividends or distributions paid with respect to such Holder's shares of New Common Equity Interests and exercise all of the rights with respect of the New Common Equity Interests. As such, the Plan satisfies Bankruptcy Code section 1123(a)(6).

Q.        Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)). The Plan Supplement, to the extent then known and determined at or before the Confirmation Hearing, discloses the identities and affiliations of any and all persons proposed to serve as of the Effective Date on the New Board and as an officer of the Reorganized Debtor. The foregoing is consistent with the interests of Holders of Claims and Holders of Equity Interests, and with public policy.  As such, the Plan satisfies Bankruptcy Code section 1123(a)(7).

R.        Additional Plan Provisions (11 U.S.C. § 1123(b)).  The other provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1123(b). The failure to address a provision of the Bankruptcy Code specifically in these Findings and Conclusions or the Confirmation Order

7

shall not diminish or impair the effectiveness of the Confirmation Order.

S.      Impairment of Classes of Claims and Equity Interests (11 U.S.C. § 1123(b)(1)).

As contemplated by Bankruptcy Code section 1123(b)(1), Class 1 (Bluehenge Secured Claims);

Class 3 (MRB Secured Claim – Term Loan); Class 4 (Community Bank Secured Claim); Class

6 (Trade Claims); Class 7 (Unsecured Claims); Class 8 (Avis Bourg Subordinated Claim); and

Class 9 (Equity Interests) are Impaired by the Plan. Accordingly, the Plan satisfies the

requirements of Bankruptcy Code section 1123(b)(1).

T.      Assumption and Rejection of Executory Contracts (11 U.S.C. §1123(b)(2)).   In

accordance with Bankruptcy Code section 1123(b)(2), Article IX of the Plan provides that,

except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or

other agreement or document entered into, or deemed to be entered into, in connection with the

Plan, as of the Effective Date, unless such contract or lease (a) was previously assumed or

rejected by the Debtor, (b) is the subject of a motion to reject filed on or before the

Confirmation Date, (c) is set forth in a schedule, as an executory contract or unexpired lease to

be rejected, filed as part of the Plan Supplement, or (d) is specifically identified in the Plan as

being rejected, such contracts and leases shall pass through bankruptcy unaffected.   This

Confirmation Order shall constitute an order of the Court under Section 365 approving the

contract and lease assumptions or rejections described above as of the Effective Date.   Each

Executory Contract and Unexpired Lease assumed pursuant to Article IX of the Plan or by any

order of the Court is subject to the Cure Costs set forth in Articles 5.10, 9.1.1, and 9.2, as

applicable of the Plan and/or the Plan Supplement and shall revest in and be fully enforceable

by the Reorganized Debtor in accordance with its terms, except as such terms are modified by

the provisions of the Plan or any order of the Court authorizing and providing for its assumption

under applicable federal law.   Article 9.5 of the Plan provides that the Debtor's insurance policies, including but not limited to any and all liability, indemnity, hull or other property insurance, and directors' and officers' liability insurance policies maintained by the Debtor, in effect as of the Effective Date, to the extent they are deemed executory contracts, are assumed, subject to any additions and modifications thereto as may be required by the New Board, except to the extent any such additions and modifications impact coverage under said policies.   This Confirmation Order shall constitute an order of the Court approving such assumptions pursuant to under Section 365(a).   Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1123(b)(2).

U.      Settlement of Claims and Causes of Action (11 U.S.C. § 1123(b)(3)).   In accordance with Bankruptcy Code section 1123(b)(3)(A) and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided under the Plan and with the support of the Debtor and all major parties in interest, the settlements and the provisions of the Plan constitute a good-faith compromise of all Claims, Equity Interests, and controversies relating to the contractual, legal, and subordination rights that all Holders of Claims or Equity Interests may have with respect to any Allowed Claim or Equity Interest or any distribution to be made on account of such Allowed Claim or Equity Interest. Such compromise and settlement are fair, equitable, and reasonable and in the best interests of the Debtor and its Estate.

V.      Sale of All or Substantially All Assets (11 U.S.C. § 1123(b)(4)).  The Plan does not provide for the sale of all or substantially all assets of the Debtor.

W.      Modification of Creditor Rights (11 U.S.C. 1123(b)(5)).  In accordance with Bankruptcy Code section 1123(b)(5), Article III of the Plan modifies the rights of Holders of

Claims in Classes 1, 3 through 4, and 5 through 9. Accordingly, the Plan is consistent with Bankruptcy Code section 1123(b)(5).

X.     Cure of Defaults (11 U.S.C. § 1123(d)). Article 9.2 of the Plan provides for the satisfaction of any monetary defaults under each executory contract and unexpired lease to be assumed pursuant to the Plan in accordance with Bankruptcy Code section 365(b)(1). The cure amounts identified on the Plan Supplement represent the amount, if any, that the Debtor is obligated to pay, which shall be in full and complete satisfaction of all accrued, due, and unpaid monetary obligations.  Thus, the Plan complies with Bankruptcy Code section 1123(d).

Y.     Debtor's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).  The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Order Approving Disclosure Statement, including Bankruptcy Code sections 1125 and 1126 and Bankruptcy Rules 3017, 3018, and 3019, thus satisfying the requirements of Bankruptcy Code section 1129(a)(2).

Z.     Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).   The Debtor is the proponent of the Plan. The Debtor has proposed the Plan (including all documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby complying with Bankruptcy Code section 1129(a)(3). The Debtor's good faith is evident from the record of the Chapter 11 Case, including the Affidavits and the record of the hearing to approve the Disclosure Statement and Confirmation Hearing, and other proceedings held in the Chapter 11 Case. The Plan is based upon extensive, arm's-length negotiations between and among the Debtor, Bluehenge, Caterpillar, MRB, the Office of the United States Trustee, and other parties in interest, each of which participated in good faith, and represents the culmination of months of intensive negotiations and discussions among all parties in interest. Moreover, the Plan is

proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and effectuating a successful reorganization of the Debtor. Further, the release and injunction provisions of the Plan have been negotiated in good faith and at arm's-length with, among other persons, representatives of the Debtor, Bluehenge, Caterpillar, MRB, and the Office of the United States Trustee and their respective advisors, are consistent with Bankruptcy Code sections 105, 362, 1122, 1123(b)(3)(A), 1123(b)(6), 1129, and 1142, and are each necessary and appropriate to the successful reorganization of the Debtor's Estate. Accordingly, the Plan and the related documents have been filed in good faith and the Debtor has satisfied its obligations under Bankruptcy Code section 1129(a)(3).

AA.    Payment for Services or Cost and Expenses (11 U.S.C. § 1129(a)(4)). All payments made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

BB.    Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The Plan satisfies Bankruptcy Code section 1129(a)(5). The Plan provides that on the Effective Date, the term of each member of the Debtor's current board of directors or managers, as the case may be, will automatically expire. The New Board for the Reorganized Debtor will consist of three (3) directors, Persons who are either selected by, or acceptable to, Bluehenge. The New Board shall determine the size and elect directors and managers, as applicable. The Debtor has disclosed in the Plan Supplement, to the extent then known, the identity and affiliations of each Person proposed to serve on the New Board. The appointment to such office of such individuals is consistent with the interests of creditors and equity security holders and with public policy. To

the extent any such director, manager, or officer of the Reorganized Debtor is an "insider" under the Bankruptcy Code, the Debtor has disclosed the nature of any compensation to be paid to such director, member, or officer. Accordingly, the Debtor has satisfied the requirements of Bankruptcy Code section 1129(a)(5).

CC.     No Rate Changes (11 U.S.C. § 1129(a)(6)). No governmental regulatory commission has jurisdiction, after confirmation of the Plan, over the rates of the Debtor. Thus, Bankruptcy Code section 1129(a)(6) is not applicable in the Chapter 11 Case.

DD.     Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The Plan satisfies Bankruptcy Code section 1129(a)(7) because each Holder of a Claim or Equity Interest either (a) has voted to accept the Plan, or (b) shall receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Debtor was to be liquidated under chapter 7 of the Bankruptcy Code on such date. In addition, the liquidation analysis attached to the Disclosure Statement and the other evidence related thereto in support of the Plan that was proffered or adduced at, prior to, or in declarations or affidavits in connection with, the Confirmation Hearing: (a) are reasonable, persuasive, credible, and accurate as of the dates such analysis or evidence was proffered, adduced, and/or presented; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that, with respect to each Impaired Class, each Holder of an Allowed Claim or Equity Interest in such Class shall receive under the Plan on account of such Allowed Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount such Holder would receive if the Debtor was liquidated on the Effective Date under chapter 7 of the Bankruptcy Code. Accordingly, the Debtor has satisfied

the requirements of Bankruptcy Code section 1129(a)(7).

EE.     Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). As is set forth in the Amended Ballot Tabulation Report [P-335], Class 1 (Bluehenge Secured Claims); Class 3 (MRB Secured Claim – Term Loan); Class 4 (Community Bank Secured Claim); Class 6 (Trade Claims); Class 7 (Unsecured Claims) have affirmatively voted to accept the Plan, and Class 5 (Convenience Class - $50,000, Unimpaired) is deemed to accept the Plan. As such, Bankruptcy Code section 1129(a)(8) is satisfied with respect to these Classes of Claims. Class 8 (Avis Bourg Subordinated Claim), and Class 9 (Equity Interests) are deemed to reject the Plan pursuant to Bankruptcy Code section 1126(g) of the Bankruptcy Code because the Holders of Claims and Equity Interests in Class 8 and Class 9 will not receive or retain any property on account of their Claims against or Equity Interests in the Debtor. The Plan may nevertheless be confirmed because the Plan otherwise satisfies all elements of Bankruptcy Code section 1129(a) and satisfies Bankruptcy Code section 1129(b) with respect to Class 8 (Avis Bourg Subordinated Claim), and Class 9 (Equity Interests) because the Plan does not discriminate unfairly and is fair and equitable.

FF.     Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Expense Claims and Priority Tax Claims pursuant to Article II of the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9). As more specifically described in Article II of the Plan, the Plan provides that holders of Allowed Administrative Claims and Allowed Professional Fee Claims will receive payment in full in cash.

Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)). Class 1 (Bluehenge Secured Claims); Class 3 (MRB Secured Claim – Term Loan); Class 4 (Community Bank

Secured Claim); Class 6 (Trade Claims); Class 7 (Unsecured Claims), which such Classes are Impaired under the Plan and entitled to vote, voted to accept the Plan by the requisite majorities, determined without including any acceptance of the Plan by any insider, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(10).

GG.     <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  All Allowed Claims and Equity Interests shall be paid or otherwise satisfied in accordance with the terms of the Plan, the Plan Supplement, the Disclosure Statement, this Confirmation Order, and any other documents or agreements filed with the Bankruptcy Court by the Debtor that are necessary to implement the Plan, including any appendices, amendments, modifications, supplements, exhibits and schedules relating to the Plan, the Plan Supplement, or the Disclosure Statement (collectively, the "<u>Plan Documents</u>"). The evidence proffered, adduced, and/or presented at the Confirmation Hearing (a) is reasonable, persuasive, credible, and accurate as of the dates such analysis or evidence was prepared, presented, or proffered, (b) utilizes reasonable and appropriate methodologies and assumptions, (c) has not been controverted by other evidence, and (d) establishes that the Plan is feasible. The Reorganized Debtor shall have sufficient liquidity and be able to meet its financial obligations under the Plan and in the ordinary course of its businesses, and the confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Reorganized Debtor, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(11).

HH.     <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. Article 2.2 of the Plan provides that: (a) all fees due and payable pursuant to section 1930 of title 28 of the United States Code shall be paid by the Debtor on or before the Effective Date; and (b) the Reorganized Debtor shall pay all such fees that arise after the Effective Date but before the closing of the Chapter 11 Case,

14

and shall file, post-Effective Date, any post-Confirmation reports with the Bankruptcy Court and the United States Trustee's Office. Therefore, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(12).

II.     <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. All retirement income plans and welfare benefit plans for the benefit of the Debtor's officers, directors, or employees that the New Board decides to continue in such capacities or similar capacities after the Effective Date (in each case, "<u>Continuing</u>") (not including any such officers, directors and employees for the period they are temporarily continued pending the New Board's determination as to whether they shall be Continuing), or retirement income plans and welfare benefit plans for such Continuing Persons, shall remain in place after the Effective Date, as may be amended by agreement between the beneficiaries of such agreements, plans, or arrangements, on the one hand, and the Reorganized Debtor, on the other hand, including to modify the "change of control" definition in such agreements to reflect the Restructuring Transactions and this Plan, and the Reorganized Debtor will continue to honor such agreements, arrangements, programs, and plans with all such Continuing Persons; provided that the foregoing shall not apply to any equity-based compensation or incentive-based plan, agreement, or arrangement existing as of the Petition Date. Nothing in the Plan shall limit, diminish, or otherwise alter the Reorganized Debtor's defenses, claims, Causes of Action, or other rights with respect to any such contracts, agreements, policies, programs, and plans, or the New Board's ability not to designate any existing officers, directors or employees as Continuing. Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(13).

JJ.     <u>No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>. The Debtor is not

required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, Bankruptcy Code section 1129(a)(14) is inapplicable in the Chapter 11 Case.

KK.    <u>Debtor is Not an Individual (11 U.S.C. § 1129(a)(15))</u>. The Debtor is not an individual. Accordingly, Bankruptcy Code section 1129(a)(15) is inapplicable in the Chapter 11 Case.

LL.    <u>No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. §1129(a)(16))</u>. The Debtor is a moneyed, business, or commercial corporation, and/or partnership, as the case may be. Accordingly, Bankruptcy Code section 1129(a)(16) is inapplicable in the Chapter 11 Case.

MM.    <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>. Although Class 8 (Avis Bourg Subordinated Claim) and Class 9 (Equity Interests) are rejecting Classes (the "<u>Rejecting Classes</u>") for purposes of Bankruptcy Code section 1129(a)(8), the Plan is confirmable pursuant to Bankruptcy Code section 1129(b) notwithstanding such rejection because, based upon the record before the Court and the treatment provided to such Claims and Equity Interests, the Plan does not discriminate unfairly against, and is fair and equitable with respect to, such Classes of Claims and Equity Interests, and the Plan satisfies all the requirements for confirmation set forth in Bankruptcy Code section 1129(a), except Bankruptcy Code section 1129(a)(8). First, the Plan does not discriminate unfairly, because no Class of Claims or Equity Interests having similar legal rights to the Claims or Equity Interests in the Rejecting Classes is receiving different treatment under the Plan. Second, the Plan is "fair and equitable" as to the Rejecting Classes because (a) no claims or interests junior to Class 8 will receive or retain any property under the Plan on account of such junior claims or interests and

(b) no interests junior to Class 9 will receive or retain any property under the Plan on account of such junior interests.   The evidence in support of confirmation of the Plan proffered or adduced by the Debtor at, or prior to, or in affidavits filed in connection with, the Confirmation Hearing regarding the Debtor's classification and treatment of Claims and Equity Interests and the requirements for confirmation of the Plan under Bankruptcy Code section 1129(b): (a) is reasonable, persuasive, credible, and accurate; (b) utilizes reasonable and appropriate methodologies and assumptions; and (c) has not been controverted by other credible evidence. Based on the foregoing, the requirements of Bankruptcy Code section 1129(b) are met with respect to the Rejecting Classes, and the Plan may be confirmed notwithstanding the deemed rejection by the Rejecting Classes.

NN.   <u>Only One Plan (11 U.S.C. § 1129(c))</u>. The Plan is the only plan filed in the Chapter 11 Case. Accordingly, Bankruptcy Code section 1129(c) is inapplicable in the Chapter 11 Case.

OO.   <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>.   The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act. Accordingly, the Plan satisfies the requirements of Bankruptcy Code section 1129(d).

PP.   <u>Small Business Case (11 U.S.C. § 1129(e))</u>. The Chapter 11 Case is not a "small business case," as that term is defined in the Bankruptcy Code.  Accordingly, Bankruptcy Code section 1129(e) is inapplicable.

QQ.   <u>Good-Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based on the record before the Court in the Chapter 11 Case and the Ballot Tabulation Report [P-311], the Debtor has solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the

Bankruptcy Code, including Bankruptcy Code sections 1125(a) and (e), and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation.

RR.    <u>Holders of Alleged Secured Claims are Treated as Unsecured Claims</u>. Based on the record before the Court in the Chapter 11 Case, the court determines that the aggregate value of the DIP Collateral is not greater than the aggregate amount of the Allowed Secured Claims. Therefore, under Bankruptcy Code section 506(a) and Bankruptcy Rule 3012, any Claims submitted or filed as Secured Claims with the collateral securing such Claim alleged to be DIP Collateral, if Allowed Claims, are Allowed Unsecured Claims, unless such claim is an Allowed Secured Claim and specifically provided for under the Plan.

SS.    <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, all other pleadings, documents, exhibits, statements, declarations, and affidavits filed in connection with confirmation of the Plan, and all evidence and arguments made, proffered, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

TT.    <u>Implementation</u>.    All documents necessary to implement the Plan, including the Plan Documents and other documents contained in the Plan Supplement, and all other relevant and necessary documents have been negotiated in good faith and at arm's-length, and entry into and consummation of the transactions contemplated by each such document and agreement is in the best interests of the Debtor, the Estate, and the Holders of Claims or Equity Interests and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal, state, or local law. The Debtor has exercised reasonable business judgment in determining which agreements to enter

into and have provided sufficient and adequate notice of such documents and agreements. The Debtor is authorized, without any further notice to, or action, order, or approval of, the Court, to finalize, execute, and deliver all agreements, documents, instruments, and certificates relating to the Plan and the Plan Documents and to perform their obligations under such agreements, documents, instruments, and certificates in accordance with the Plan and the Plan Documents.

UU. <u>Transfers by the Debtor</u>. All transfers of property of the Estate under the Plan shall be free and clear of all Liens, Claims, charges, interests, and other encumbrances pursuant to the maximum extent permitted under Bankruptcy Code section 363, and all such Liens, Claims, charges, interests, and other encumbrances are extinguished, in accordance with applicable law, except as expressly provided in the Plan or this Confirmation Order.

VV. <u>Good Faith of the Debtor</u>. The Debtor, and all of its respective members, officers, directors, agents, financial advisers, attorneys, employees, affiliates, and representatives have acted in good faith (a) in negotiating, formulating, and proposing the Plan and agreements, compromises, settlements, transactions and transfers contemplated thereby, and (b) in soliciting acceptances to the Plan, and (c) will be acting in good faith in proceeding to (i) consummate the Plan and the agreements, compromises, settlements, transactions, and transfers contemplated thereby, and (ii) take the actions authorized and directed or contemplated by this Confirmation Order.

WW. <u>Executory Contracts and Unexpired Leases</u>. The Debtor has satisfied the provisions of Bankruptcy Code section 365 with respect to the assumption, assumption and assignment, and rejection of executory contracts and unexpired leases pursuant to Article IX of the Plan, including adequate assurance of future performance.

XX. <u>Vesting of Assets</u>. Pursuant to Bankruptcy Code sections 1141(b)–(c), except as

otherwise provided in the Plan or the Confirmation Order, (a) the property of the Estate and the Debtor and all retained Causes of Action ("Retained Actions") shall vest in the Reorganized Debtor on the Effective Date free and clear of all Claims, Liens, and interests to the maximum extent permitted by Bankruptcy Code section 363, and (b) all such Claims, Liens, and interests are extinguished. Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

YY.    New Constituent Documents.  The New Constituent Documents, as may be amended or modified without further approval from the Court in accordance with their terms and applicable non-bankruptcy law, are essential elements of the Plan, were proposed in good faith, are critical to the success and feasibility of the Plan, and are necessary and appropriate for the consummation of the Plan. Entry into the New Constituent Documents, and all related agreements and documents, is fair, reasonable, and in the best interests of the Debtor, the Estate, all Holders of Claims or Equity Interests, and the Reorganized Debtor. The New Constituent Documents are the product of good faith, arm's-length negotiations.

ZZ.    Injunction.  The  Court has  jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the injunction provisions set forth in Article XIV of the Plan, because, among other things,  these provisions are an integral part of the Debtor's Plan, are necessary and appropriate for the Plan's implementation, and are consensual. Bankruptcy Code section 105(a) permits issuance of the injunction set forth in Article XIV of the Plan if, as has been established here based upon the record in the Chapter 11 Case, the Affidavits, and the evidence presented at the Confirmation Hearing, such provisions (a) were integral to the integrated and mutually dependent terms and conditions of the settlement among the various parties in interest embodied in the Plan and are important and essential to the formulation and

implementation of the Plan, as provided in Bankruptcy Code section 1123, (b) confer substantial benefits on the Debtor's Estate and creditors, (c) are fair, equitable and reasonable, and (d) are in the best interests of the Debtor, the Estate, and all parties in interest. Based upon the record of the Chapter 11 Case, the Affidavits, and the evidence proffered or adduced at the Confirmation Hearing, this Court finds that the injunction provisions set forth in Article XIV of the Plan are consistent with the Bankruptcy Code and applicable law.

AAA.  Pursuant to Bankruptcy Code section 1123(b)(3) and Bankruptcy Rule 9019(a), the injunctions set forth in Article XIV of the Plan and implemented by the Confirmation Order are (a) fair, equitable, reasonable, and in the best interests of the Debtor and the Debtor's Estate, creditors, and equity holders, (b) within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d), (c) are essential to the implementation of the Plan, (d) are an integrated and dependent element of the settlement and transactions incorporated into and contemplated by the Plan, (e) confer material benefits on, and are in the best interests of, the Debtor and the Estate, (f) are important to the overall objectives of the Plan to finally resolve all Claims and Causes of Action among or against the parties in interest in the Chapter 11 Case, and (g) are consistent with Bankruptcy Code sections 105, 123, 129, and all other applicable provisions of the Bankruptcy Code. The failure to include such provisions would seriously impair the Debtor's ability to confirm a consensual Plan in the Chapter 11 Case. Accordingly, this Court finds that the injunctions set forth in Article XIV of the Plan are consistent with the Bankruptcy Code and applicable law.

BBB.  Compromise and Settlement. Pursuant to Bankruptcy Rule 9019, in consideration of the distributions and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Equity Interests,

or controversies resolved pursuant to the Plan. All Plan distributions made to creditors holding Allowed Claims or Equity Interests in any Class are intended to be, and shall be, final.

CCC.  <u>Likelihood of Satisfaction of Conditions Precedent</u>.  Each of the conditions precedent to the Confirmation Date and Effective Date, as set forth in Article X of the Plan, has been satisfied or waived in accordance with the provisions of the Plan or is reasonably likely to be satisfied or waived prior to the Confirmation Date and Effective Date, as applicable.

DDD.  <u>Resolution of Objections</u>.    The only t i m e l y  objection to confirmation filed has been withdrawn and the resolution is acknowledged by MRB on the record at hearing.  The untimely objection filed by SBL Construction, LLC has been stricken from the record of the Chapter 11 Case.[2]

EEE.   <u>Stay Abrogated</u>.  The stay of effectiveness of the Confirmation Order provided for by Bankruptcy Rule 3020(e) should be abrogated, under the authority provided for by Bankruptcy Rule 3020(e), so that the Debtor can effectuate the terms of the Plan, so as to facilitate the occurrence of the Effective Date.

FFF.   <u>Approval of Transactions with Glencor and WFEFI</u>.  Notwithstanding anything else herein to the contrary, the transactions as set forth in Article 5.10 and 9.1.1 of the Plan between the Debtor, Glencor and WFEFI are supported by the Debtor's sound business judgment, and are in the best interest of the Estate.  Such transactions include, but are not limited to: (i) the transfer of the Glencor Vessel from Glencor to WFEFI, free and clear of all liens, mortgages, security interests, claims and other encumbrances; (ii) the absolute assignment of Glencor's rights under the Charter to WFEFI, free and clear of all liens, mortgages, security interests, claims and other encumbrances; (iii) the amendment of the Charter (such Charter

---

[2] P-356.

between the Debtor and WFEFI after assignment of such from Glencor to WFEFI) to include the terms and conditions that are substantially set forth in Exhibits "3" and "4" to the Plan; (iv) the fixing of the cure in the amount of $100,000.00 related to the default associated with the Debtor's failure to pay the full amount of the Basic Charter Hire due under the Charter that is necessary to assume such contract under section 365 of the Bankruptcy Code as identified below; (v) the assumption of the Charter, as amended, by the Debtor; and (vi) withdrawal of all proofs of claim filed in this Chapter 11 Case by WFEFI and Glencor, including, but not limited to, the WFEFI POC and that certain Glencor Proof of Claim, dated January 24, 2020 [Claim No. 15-1], along with any amendments thereto (the "Glencor POC"); *provided, however*, such withdrawal of such proofs of claim shall not in any manner release or discharge the Debtor or any other party from their respective obligations under the agreements (including, without limitation, the obligation of the Debtor to pay certain amounts of Basic Charter Hire as an administrative claim as set forth certain orders entered in this case in connection therewith), in substantially the form attached to the Plan as Exhibits "3" or "4" or the Charter Agreement, as amended, if executed.  When executed, the documents in substantially the form of Exhibits "3" and "4" to the Plan and the Charter Agreement, as amended, shall govern the relationship between the parties notwithstanding anything to the contrary contained in this Plan, the Disclosure Statement or the Confirmation Order.

New Orleans, Louisiana, August 5, 2020.

Jerry A. Brown
U.S. Bankruptcy Judge

23